IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HENRY F. and ANNE MARIE FRIGON,       )
                                      )
                Plaintiffs,           )
                                      )        No.   05 C 6214
        v.                            )
                                      )        Judge Robert W. Gettleman
PACIFIC INDEMNITY COMPANY, a Wisconsin )
corporation,                          )
                                      )
                Defendant.            )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Henry and Anne Marie Frigon have brought a two count complaint against their

insurer, Pacific Indemnity Co., seeking a declaration that certain valuable works of art have been

lost or converted and are thus covered under the terms of an insurance policy issued by

defendant.  In a memorandum opinion and order dated January 16, 2007, this court granted

plaintiffs' motion for partial summary judgment and denied defendant's cross motion for

summary judgment.  Defendant has moved for reconsideration of that order.  Defendant's motion

is denied.

Generally, "[t]his Court's opinions are not intended as mere first drafts, subject to

revision and reconsideration at a litigant's pleasure."  Quaker Alloy Casting Co. v. Gulfco.

Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  Such motions are appropriate only to

correct manifest errors of law or fact.  Oto v. Metropolitan Life Insurance Co., 224 F.3d 601 606

(7th Cir. 2002)[1].  Defendant argues that this court's opinion "misunderstood certain facts and

misapplied the law of conversion."  Defendant is wrong.

---

[1]See also, Gettleman, "How to Tell a Judge He Screwed Up," ABA Litigation Magazine,
Vol. 32, No. 4 (Summer 2006), p. 49.

In its January 16, 2007, opinion the court stated that all of the paintings at issue had been improperly sold by the Gallery[2] by the end of 2002. Defendant now argues that the court held that the Gallery had "converted" the paintings by that time, which predates the period of insurance in the instant policy. Defendant's position is incorrect. Although the Gallery may have breached the consignment agreements at that point in time, the conversion occurred when plaintiffs demanded the return of their property and the Gallery refused. That occurred in March 2003, within the instant policy period. It was the Gallery's failure to return the property on demand that was the final element of the conversion.[3] General Motors Corp. v. Douglas, 206 Ill. App.3d 881, 886 (1st Dist. 1990); Harry W. Kuhn Inc. V. State Farm Mut. Auto. Ins. Co., 201 Ill. App.3d 395, 403 (1st. Dist. 1990)( tortious conversion does not occur until demand for return of property is refused). Until plaintiffs demanded the paintings, the Gallery could have reacquired them and then returned them to plaintiffs. When it ultimately failed to do so it committed the conversion. Defendant's argument that the Gallery did not "retain" the paintings after plaintiffs' demand because it had already transferred title is specious. See Middle Export Co. v. Gen-O-Ral Processing Corp., 365 F.2d 178, 180 (7th Cir. 1966).

Finally, the court rejects defendant's arguments that there is an issue of fact as to whether certain of the paintings were "sold" in compliance with the assignment agreement because Mr. Love testified that he "believed" he had a right to "trade" the paintings. Love's belief is

---

[2]The court will use the same term of art in this order as it did in the January 16, 2007, opinion.

[3]As the court noted in the January 16, 2007, opinion (at 4-5), " ... the Gallery sold the paintings without authority and then failed to remit the proceeds, thereby converting both the paintings and the money received." The Gallery's failure to remit the money occurred when plaintiffs' demand for it went unmet.

irrelevant.  The consignment agreements are unambiguous.  The Gallery was to sell for a minimum price.  The contracts gave the Gallery some discretion as to payment terms, such as whether to extend credit or demand cash up front, but nothing in the contracts allowed the Gallery to barter the items.  In any event, the Gallery did not remit payment and thus was required to return the paintings upon demand. Its failure to do so constitutes conversion.

Accordingly, defendant's motion to reconsider is denied.

**ENTER:**      **March 14, 2007**

_____
**Robert W. Gettleman**
**United States District Judge**